1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (SBN 191305)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

**DiCELLO LEVITT GUTZLER LLC**
Amy E. Keller, *pro hac vice to be filed*
Ten North Dearborn Street
Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com

*Counsel for Plaintiffs and the Proposed Class*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.S. and J.S., through their guardian, individually, and on behalf of all others similarly situated, | Case No.: 3:20-cv-3212 |
| Plaintiff, | CLASS ACTION |
| v. | |
| TikTok Inc., a corporation, and ByteDance, Inc., a corporation, | **CLASS ACTION COMPLAINT** |
| Defendants. | DEMAND FOR JURY TRIAL |

Plaintiffs R.S. and J.S., both minor children, by and through their guardian ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this class action against TikTok Inc. ("TikTok"), the successor-in-interest to Musical.ly, Inc., and ByteDance, Inc. ("ByteDance") (collectively, "Defendants"), and allege as follows based on investigation of counsel and information and belief:

## I. NATURE OF THE CASE

1.      Defendant TikTok maintains and operates a popular social media application ("TikTok App") that allows users to view, share, upload, and create short videos. When a user creates a video through the App, TikTok offers several face filters and stickers that allow a user to impose graphic features onto the user's face or graphically alter the user's facial features. TikTok encourages users to use these effects by listing them under titles such as "Beauty," "Trending," and "Funny." TikTok also offers a face tracker lens effect that detects and zooms in on a user's face.

2.      Unknown and undisclosed to the user, when the user accesses the face stickers, filters and tracker lens, Defendants collect, store and use the user's facial geometry. Indeed, Defendants collect this information before the user even elects to save or share the video. Defendants do not disclose for what purposes this data is being collected for, who has access, or how long this data will be retained.

3.      Defendants' collection of user's facial geometry violates the Illinois Biometric Information Privacy Act 740 ILCS 14/1 *et seq.* ("BIPA"), which requires informed consent prior to the collection of biographic information. Defendants' failure to publicly disclose their written policy regarding the retention of this biometric information also separately violates BIPA.

4.      This action seeks an order (i) enjoining Defendants' from further unauthorized collection, storage, and use of Plaintiffs' biometric information; (ii) declaring that Defendants' conduct violates the BIPA; (iii) awarding statutory damages to Plaintiffs and Class Members; and (iv) requiring Defendants to clearly and conspicuously disclose its written policy that sets forth its retention and use of Plaintiffs' and Class Members' biometric information.

1

2                        **II.  PARTIES**

3        **A.    Plaintiffs**

4        5.       Plaintiff R.S., a minor, is a citizen and resident of Illinois.  Plaintiff created her

5    TikTok account in or around early 2020 and maintains her account to the present day.

6        6.       Plaintiff J.S., a minor, is a citizen and resident of Illinois.  Plaintiff created his

7    TikTok account in or around early 2020 and maintains his account to the present day.

8        7.       Plaintiffs have used the TikTok App regularly since creating an account and have

9    uploaded and posted videos to the App that include images of their faces.  Plaintiffs have also

10   used the face stickers, filters, and tracker lens available in the App when creating, saving, and

11   posting videos on the App.  Plaintiffs did not know or expect that Defendants collect, store, and

12   use their biometric identifier and biometric information when they used the App.  If Plaintiffs

13   had known, Plaintiffs would not have would not have used the App or would have limited their

14   use of the App.

15       8.       Neither Plaintiff, nor their legally-authorized guardian, ever received notice from

16   Defendants (written or otherwise) that Defendants would collect, store, and/or use their

17   biometric identifiers or biometric information. Neither Plaintiff, nor their legally-authorized

18   guardian, ever received notice from Defendants of the specific purpose and length of time that

19   Defendants' would collect, store, and/or use Plaintiffs' biometric identifiers or biometric

20   information. Neither Plaintiff, nor their legally-authorized guardian, gave authorization (written

21   or otherwise) for Defendants to collect, store, and/or use Plaintiffs' biometric identifiers or

22   biometric information.

23       9.       Neither Plaintiff, nor their legally-authorized guardian, are aware of, nor do they

24   recall seeing, a retention schedule setting out the guidelines for Defendants to permanently

25   destroy biometric identifiers or biometric information.

26       10.      Neither Plaintiffs, nor their legally-authorized guardian, recall seeing the Terms

27   of Service, Privacy Policy, or Privacy Policy for Younger Users upon registering for an account

28

CLASS ACTION COMPLAINT

with the App. Plaintiff does not recall receiving any notification from Defendants regarding changes to these policies.

**B.     Defendants**

11.    Defendant TikTok, Inc. is a California corporation with its headquarters in Culver City, California. Defendant TikTok maintains an office in Mountain View, California. Defendant TikTok is the surviving successor-in-interest to Musical.ly, Inc. ("Musical.ly"). Musical.ly launched the Musical.ly Application ("Muscial.ly App") in 2014. In 2018, the Musical.ly App was rebranded to TikTok.

12.    Defendant ByteDance, Inc. is a Delaware corporation with its headquarters in Palo Alto, California. ByteDance Ltd., a Beijing-based company founded in 2012, is the parent corporation of ByteDance, Inc.

### III.  JURISDICTION AND VENUE

13.    This Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332, because (i) this is a proposed class action in which there are at least 100 Class members, (ii) the parties are minimally diverse, as Plaintiffs and Defendants are domiciled in different states, and (iii) the combined claims of Class members exceed $5,000,000, exclusive of interest, attorneys' fees, and costs.

14.    This Court has personal jurisdiction over Defendants because both Defendants regularly conduct business throughout California, their principal places of business are in California, and Defendant TikTok is incorporated in California.

15.    Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here, and Defendants caused harm to Class members residing within this judicial District.

CLASS ACTION COMPLAINT

### IV.  COMMON FACTUAL ALLEGATIONS

**A.**    **Overview of the TikTok App and Its Predecessor Musical.ly.**

16.    Musical.ly, Inc. and Musical.ly, a Cayman Island corporation, first created a social media video platform through a software application in 2014 (the "Musical.ly App"). Like the current version of the TikTok App, the Musical.ly App allowed users to create and edit short videos. The app also provided a library of music that the user could apply as background music to their video, in effect allowing the user to create their very own music video. The Musical.ly App included several features that scanned the user's facial geometry. These features included face stickers and face filters, which would alter the image of the user's face.

17.    While the Musical.ly App was growing in popularity in the U.S., ByteDance Ltd., the parent corporation to Defendant ByteDance, Inc., created the TikTok App in 2016. The App mirrored the purpose and features of the Musical.ly App, allowing users to create and upload videos.

18.    In 2017, ByteDance, Inc., acquired Musical.ly, for $1 billion, and rebranded Musical.ly to TikTok, Inc.

19.    On August 2, 2018, TikTok merged the Musical.ly and TikTok Apps. Following its merger, the TikTok App has continued expanding its user base. As of November 2019, the TikTok App has over 26.5 million U.S. users and was the most downloaded application on the Apple app store.[1]

20.    The App is predominately used by young adults and minors. Indeed, at least two-thirds of U.S. users are teenagers or in their twenties.[2]

---

[1] Ansoor Iqbal, *TikTok Revenue and Usage Statistics (2020)*, Business of Apps (Apr. 24, 2020), https://www.businessofapps.com/data/tik-tok-statistics/.
[2] Greg Roumeliotis, et al., *Exclusive: U.S. opens national security investigation into TikTok – sources*, Reuters (Nov. 1, 2019), https://www.reuters.com/article/us-tiktok-cfius-exclusive/exclusive-u-s-opens-national-security-investigation-into-tiktok-sources-idUSKBN1XB4IL.

21.     TikTok's popularity with younger users is by design. The TikTok algorithmic feed launches a never-ending-stream of videos at a user.[3] The algorithm is constantly learning what content to deliver to its users to keep them engaged. A user receives videos based on those the user has already watched and interreacted with.[4] Users are encouraged to engage with other videos by responding in turn.

22.     TikTok's algorithms allow the App to mine extensive data regarding how its users react to videos—which, in turn, allows Defendants to understand how people think, feel, and act, "making [TikTok] an expert on what makes people tick and how to persuade them to watch, share [,] or like certain content."[5]

23.     Users do not understand the type of information the TikTok App gathers on them and, if they did know, would likely not download the App, use it less, or not record videos with their images in them.

24.     Given the nature of the App, and the extensive information it gathers on individuals, and predictions concerning individuals' actions the App can make, U.S lawmakers have labeled TikTok to be a "potential counterintelligence threat we cannot ignore."[6]

**B.      TikTok's Improper Collection, Storage, and Use of Users' Biometric Identifiers and Biometric Information**

25.     When a user creates a video on the TikTok App, the user can choose to apply effects that will apply a graphic animation onto the face of the user or that will alter the facial features of the user. TikTok categorizes these effects in groups labeled "Beauty," "Trending,"

---

[3] John Herrman, *TikTok Is Rewriting the World*, N.Y. Times (Mar. 10, 2019), https://www.nytimes.com/2019/03/10/style/what-is-tik-tok.html.
[4] Morgan Sung, *A Guide to using TikTok's algorithm to watch videos you actually like*, Mashable (Jan. 13, 2020), https://mashable.com/article/tiktok-algorithm-watch-what-you-actually-like/.
[5] Shelly Banjo, *Take China's TikTok App Security Threat Seriously*, Bloomberg (Oct. 29, 2019), https://www.bloomberg.com/news/newsletters/2019-10-29/worries-that-tiktok-is-a-threat-to-national-security-have-merit.
[6] *Id.*

"Funny," to encourage users to access them. Users also have the option to use a face tracking lens, that will detect and automatically zoom in on a user's face.

26.     The Musical.ly App operated similar to the current version of the TikTok App, and also scanned, collected, and stored a user's facial geometry when that user applied a facial graphic feature, such as a sticker or facial filter.

27.     Unbeknownst to the user, when a user engages in these features, TikTok collects, stores and maintains a copy of the user's facial geometry as well as biometric information derived from this copy. TikTok does not disclose to users that this information is being collected and stored, and it does not disclose how it is maintained.

28.     Upon information and belief, TikTok transfers copies of the users' facial geometry and derivative information to other corporate entities including Defendant ByteDance, Inc.

29.     Additionally, web analysts have discovered that TikTok appears to be harvesting biometric data in order to create a search function—allowing users to search TikTok videos based upon the individuals who appear in them.[7]

**C.     Defendants Are Violating the Biometric Information Privacy Act**

30.     The BIPA was enacted in 2008, to regulate the collection and use of biometrics. The statute recognizes that biometrics "unlike other unique identifiers" cannot be changed when compromised."[8]

31.     Under the BIPA, biometric identifiers means "retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry" and biometric information means "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual."[9]

---

[7] Shubham Agarwal, *TikTok's creepy new feature lets you search for videos based on people's faces*, Digital Trends (Sept. 25, 2019), https://www.digitaltrends.com/social-media/tiktok-facial-recognition-video-face-search-feature-china/.
[8] 740 ILCS 14/5(c).
[9] *Id.*

CLASS ACTION COMPLAINT

32.    At issue in this instant action, are scans of a user's facial geometry and information derived from that scan, that meet the clear definition of biometric identifiers or biometric information.

33.    The statute further provides that:[10]

(b) No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information unless it first:
    (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;
    (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
    (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. . . .

34.    In violation of the BIPA, TikTok does not disclose to its users that when they use the facial effects, TikTok scans, collects, and stores their facial geometry. TikTok also does not provide any information about the specific purpose and length for which it will retain biometric information.

35.    Further, TikTok does not provide a written schedule outlining its schedule and guidelines for destroying the biometric data as required under BIPA. Under the statute:[11]

(a) private entity in possession of biometric identifiers or biometric information must develop a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

36.    This retention schedule is not included in TikTok's terms of service and is not otherwise publicly available for users to access.

---

[10] 740 ILCS 14/15.
[11] 740 ILCA 14/15(a).

CLASS ACTION COMPLAINT

1    37.    TikTok's "Privacy Policy for Younger Users" also fails to adequately disclose
2  the collection, retention, and use of facial identifying information.[12] At no point during the sign
3  up process are users even referred to this other privacy policy.

4    38.    TikTok makes no effort to ensure that its users understand how their biometric
5  information is used or stored prior to use of the App.

6  **E.    Defendants Have An Established Record of Not Respecting Users' Privacy**

7    39.    Defendants have repeatedly disregarded users' privacy by collecting, sharing and
8  using users' information without obtaining consent.

9    40.    In 2019, the Federal Trade Commission ("FTC") filed a complaint against
10  TikTok over allegations that it violated the Children's Online Privacy Protection Act
11  ("COPPA"). 15 U.S.C. §§ 6501, *et seq.* Defendant TikTok settled the claim for $5.7 million—
12  at that time, the largest penalty ever imposed for violations of COPPA.[13]

13    41.    In November 2019, the United States government announced a national security
14  review of TikTok's parent, ByteDance Ltd.'s acquisition of the Musical.ly app for $1 billion.[14]
15  TikTok has been banned by use for the United States Armed Forces, Department of Homeland
16  Security, and the Transportation Security Administration.[15] National legislation is currently
17  being proposed that would ban all federal employees from using the App.[16]

18

19  ------

[12] *Privacy policy for Younger Users*, TikTok (Jan. 2020)
20  https://www.tiktok.com/legal/privacy-policy-for-younger-users?lang=en.
[13] Lesley Fair, Largest FTC COPPA settlement requires Musical.ly to change its tune, FTC
21  (Feb. 27, 2019), https://www.ftc.gov/news-events/blogs/business-blog/2019/02/largest-ftc-coppa-settlement-requires-musically-change-its.
22  [14] Jack Nicas, Mike Isaac, and Ana Swanson, *TikTok Said to Be Under National Security
Review*, N.Y. Times (Nov. 1, 2019), https://www.nytimes.com/2019/11/01/technology/tiktok-
23  national-security-review.html.
24  [15] Mary Meisenzahl, *US government agencies are banning TikTok, the social media app teens
are obsessed with, over cybersecurity fears –here's the full list*, Business Insider (Feb. 25,
25  2020), https://www.businessinsider.com/us-government-agencies-have-banned-tiktok-app-
2020-2#7-this-week-tsa-became-the-latest-agency-to-specifically-ban-the-app-7.
26  [16] Alexandra S. Levine, *Senate bill would ban TikTok on federal employees' work phones*,
Politico (Mar. 12, 2020), https://www.politico.com/news/2020/03/12/senate-bill-would-ban-
27  tiktok-on-federal-employees-work-phones-126727.

28

42. Just recently, the Dutch privacy watchdog has announced that it will conduct an investigation of the TikTok App to determine whether the information provided to children "adequately explains how their personal data is collected, processed and used."[17]

43. Investigations and bans by regulators exemplify the extreme disregard Defendants have shown for the privacy and security of its users.

## V. CLASS ACTION ALLEGATIONS

44. Plaintiffs bring this class action on behalf of themselves and other similarly situated individuals. Pursuant to Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs seek to certify a class (the "Nationwide Class") of:

> Any user of the Musical.ly or TikTok Apps, who while residing in Illinois, used face filters, face stickers, or the face tracker lens on an image or video of that user's face or whose face appeared in a video uploaded to the Musical.ly or TikTok Apps while the user resided in Illinois.

45. Excluded from the Class are Defendants, any entity in which any Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors. Also excluded from the Class is any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

46. <u>Numerosity and Ascertainability</u>. The number of members in the Class is so numerous that joinder is impracticable. Class members can be ascertained by the objective criteria such as use and geographic information and the precise number of Class members can be determined through discovery, including discovery of Defendants' business records. At a minimum, the Class is made up of thousands of members.

47. <u>Common Questions of Law and Fact Predominate</u>. There are questions of law and fact common to Plaintiffs and Class members, and those questions predominate over any

---

[17] Stephani Bodoni, _TikTok Faces Dutch Privacy Probe Over Children's Data_, Bloomberg Quint (May 8, 2020), https://www.bloombergquint.com/onweb/tiktok-faces-dutch-privacy-probe-over-safety-of-children-s-data.

questions that may affect any individual Class member. Such common questions of law and fact include, but are not limited to:

    a.  Whether Defendants collected, stored, or otherwise used Plaintiffs and Class Members biometric identifiers or biometric information;

    b.  Whether Defendants informed Plaintiffs and Class Members of their collection, storage, and/or use of the biometric identifiers or biometric information;

    c.  Whether Defendants informed Plaintiffs and Class Members of the specific purpose and length of term for which their biometric identifier or biometric information would be collected, stored, and/or used;

    d.  Whether Defendants obtained written release (as defined in 740 ILCS 14/10) from Plaintiffs and Class Members to collect, store, and/or use their biometric identifiers or biometric information;

    e.  Whether Defendants made available to the public, Plaintiffs and Class Members, a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifier and biometric information;

    f.  Whether Defendants acted intentionally, recklessly, or negligently in violating the BIPA;

    g.  Whether Plaintiffs and Class Members are entitled to statutory damages under the BIPA;

Whether Plaintiffs and Class Members are entitled to declaratory and injunctive relief

    48.    <u>Typicality</u>. Plaintiffs' claims are typical of the claims of all members of the Class. Their claims arise from the same practices and conduct that give rise to the claims of all Class members and are based on the same legal theories. Plaintiffs, like all Class members, has had their biometric identifiers or biometric information collected, stored, and/or used by Defendants' without their knowledge and without their informed consent.

    49.    <u>Adequacy</u>. Plaintiffs will fairly and adequately protect the interests of the Class. They have no interests antagonistic to those of the other Class members and are committed to

1  vigorously prosecuting this case. Plaintiffs have retained counsel experienced in consumer class

2  actions and complex litigation involving defective automobiles.

3       50.    Superiority. A class action is superior to other available methods for the fair and

4  efficient adjudication of this controversy. Given that the relative amount of each Class member's

5  is small relative to the expense of litigating those claims, and given Defendants' financial

6  resources, no Class member is likely to seek legal redress on an individual basis for the violations

7  alleged in this complaint. Individual actions would significantly increase the expense to all

8  parties, burden the court with duplicative litigation, and create a risk of inconsistent or varying

9  adjudications that would establish incompatible standards of conduct for Defendants. Separate

10 actions by individual Class members would also risk adjudications that would, as a practical

11 matter, be dispositive of the interests of the other members not party to the individual

12 adjudications or would substantially impair or impede their ability to protect their interests. A

13 class action, however, promotes an orderly and expeditious adjudication of the Class claims,

14 presents fewer management difficulties, and ensures comprehensive supervision in a single

15 forum.

16      51.    Defendants acted and refused to act on grounds generally applicable to the Class,

17 thereby making appropriate final injunctive relief with respect to the members of the Class as a

18 whole.

19      52.    All members of the Class are ascertainable by reference to objective criteria.

20 Defendants have, or have access to, address information for Class members which may be used

21 for the purpose of providing notice of the pendency of this class action.

### VI. CAUSES OF ACTION

**COUNT I**
**VIOLATION OF 740 ILCS 14/1, *et seq.***
**Failure to Obtain Informed, Written Consent**
**(On Behalf of Plaintiffs and the Class)**

53.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

54.     The BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

55.     Plaintiffs and class members had their biometric identifiers or biometric information captured, collected, stored, and used by Defendants through the TikTok App.

56.     TikTok is a California corporation and thus, qualifies as a "private entity" under the BIPA. 740 ILCS 14/10. ByteDance, Inc. is a Delaware corporation, with its principal place of business in California and thus, also qualifies as "private entity" under the BIPA. *Id.*

57.     Defendant did not inform Plaintiffs and Class Members in writing that their biometric identifiers or biometric information would be "collected and stored" as required under 740 ILCS 14/15(b)(1).

58.     Defendants practice of collecting, storing and using Plaintiffs' and Class Members' biometric identifiers or biometric information violated Plaintiffs' and Class Members' right to privacy in their biometric identifiers or biometric information under the BIPA, 740 ILC 14/1, *et seq.*

59.     Defendants acted intentionally or recklessly in collecting, storing and using Plaintiffs' and Class Members' biometric identifiers or biometric information. As set forth herein, Defendants' designed the TikTok application to capture and collect biometric information of a user before the user even posts the video. In the alternative, Defendants acted negligently when it collected, stored, and used Plaintiffs' and Class Members' biometric identifiers or biometric information without obtaining written consent.

CLASS ACTION COMPLAINT

60.     TikTok purposefully avoided providing notices or obtaining consent from Class members in order to ensure that as many users downloaded and used the App as possible.

61.     As a result of Defendants' intentional and/or reckless violation of BIPA, the Plaintiffs and Class members already have been injured and will continue to be injured, in an amount to be proven at trial.

62.     On behalf of themselves and Class Members, Plaintiffs seek: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and Class Members by requiring TikTok to comply with the 740 ILCS 14/15(b) requirements for the collection, storage, and use of biometric identifiers or biometric information and (2) statutory damages of $5,000 per intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) and statutory damages of $1,000 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**COUNT II**
**VIOLATION OF 740 ILCS 14/1, *et seq.***
**Failure to Institute and Maintain Publicly-Available Retention Schedule**
**(On Behalf of Plaintiffs and the Class)**

63.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

64.     The BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

65.     Plaintiffs and class members had their biometric identifiers or biometric information captured, collected, stored, and used by Defendants through the TikTok App.

13
CLASS ACTION COMPLAINT

66.     TikTok is a California corporation and thus, qualifies as a "private entity" under the BIPA. 740 ILCS 14/10. ByteDance, Inc. is a Delaware corporation, with its principal place of business in California and thus, also qualifies as "private entity" under the BIPA. *Id.*

67.     Defendant did not inform Plaintiffs and Class Members in writing that their biometric identifiers or biometric information would be "collected and stored" as required under 740 ILCS 14/15(b)(1)

68.     Nor did Defendants inform Plaintiffs and Class Members in writing of the "specific purpose and length of term for which [their] biometric identifier or biometric information is being collected, stored, and used" as required under 740 ILCS 14/15(b)(2).

69.     Defendant also failed to make available to the public, a written policy "establishing a retention schedule and guidelines for permanently destroying biometric identifiers or biometric information" as required under 740 ILCS 14/15(a).

70.     Defendants acted intentionally or recklessly in collecting, storing and using Plaintiffs' and Class Members' biometric identifiers or biometric information and in not making publicly available a data retention policy. As set forth herein, Defendants' designed the TikTok application to capture and collect biometric information of a user before the user even posts the video. In the alternative, Defendants acted negligently when it collected, stored, and used Plaintiffs' and Class Members' biometric identifiers or biometric information without making publicly available a data retention policy.

71.     On behalf of themselves and Class Members, Plaintiffs seek: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and Class Members by requiring TikTok to make publicly available a policy for the permanent destruction of biometric identifiers or biometric information pursuant to 740 ILCS 14/15(a); (2) statutory damages of $5,000 per intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) and statutory damages of $1,000 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, and each Class member, pray for judgment against Defendants as follows:

A.     That this action and the proposed class be certified and maintained as a class action, appointing Plaintiffs as representatives of the Class, and appointing the attorneys and law firms representing Plaintiffs as counsel for the Class;

B.     Enter Judgment against Defendants on Plaintiffs' and Class Members' asserted causes of action;

C.     For statutory damages of $5,000 for each intentional or reckless violation of the BIPA, or in the alternative, for statutory damages of $1,000 for each negligent violation of the BIPA;

D.     For equitable, injunctive, and declaratory relief as may be appropriate;

E.     For attorneys' fees and costs as permitted by law;

F.     For pre-judgment and post-judgment interest, as prescribed by law; and

G.     For such additional legal and equitable relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all causes of action so triable.


Dated: May 11, 2020                    **BLEICHMAR FONTI & AULD LLP**

                                       By:    */s/ Lesley E. Weaver*

                                       Lesley E. Weaver (SBN 191305)
                                       555 12th Street, Suite 1600
                                       Oakland, CA 94607
                                       Telephone: (415) 445-4003
                                       Facsimile: (415) 445-4020
                                       lweaver@bfalaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DiCELLO LEVITT GUTZLER LLC**
Amy E. Keller, *pro hac vice to be filed*
Ten North Dearborn Street
Sixth Floor
Chicago, IL 60602
Telephone: (312) 214-7900
akeller@dicellolevitt.com

*Counsel for Plaintiffs and the Putative Class*

CLASS ACTION COMPLAINT

1

2 **DECLARATION OF LESLEY E. WEAVER FOR CLRA COUNT**

3    I, Lesley E. Weaver, declare and state as follows:

4    1.    I am over the age of 18 years and counsel for Plaintiffs in this action. I submit

5 this affidavit as required by California Civil Code § 1780(d).

6    2.    Venue is proper in this judicial District because Defendants are doing business

7 in the counties comprising the Northern District of California.

8    I declare under penalty of perjury under the laws of the United States that the foregoing

9 is true and correct.

10    Executed this 11th day of May 2020 in San Francisco, California.

11

12

13                              */s/ Lesley E. Weaver*
                                Lesley E. Weaver
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28